UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STA GROUP LLC, <br><br>                    Plaintiff, <br><br>      v. <br><br> MOTOROLA SOLUTIONS INC., <br><br>                    Defendant. | CASE NO. 3:23-mc-05018-DGE <br><br> ORDER GRANTING MOTION TO TRANSFER VENUE |

## I    INTRODUCTION

This matter comes before the Court on Defendant Motorola Solutions Inc.'s Motion to Compel Discovery and Transfer Venue. (Dkt. No. 1.)  Upon review of that motion, the response of third party Jeff Lucas (Dkt. No. 8), and Defendant's reply (Dkt. No. 13), the Court **GRANTS** the motion to Transfer Venue.

## II    BACKGROUND

STA Group LLC ("STA"), sued Motorola Solutions Inc. ("Motorola") for patent infringement in the Eastern District of Texas in September 2022. (Dkt. No. 1 at 2.)  According to Motorola, discovery revealed a "coordinated campaign between STA and some of Motorola's former employees to steal Motorola's intellectual property and trade secrets." (*Id.*)  Motorola subpoenaed several of its former employees, including Jeff Lucas (a Tacoma, Washington resident). (*Id.*)  Lucas produced only two documents as of the filing of the motion to compel.

1  (*Id.*)  Motorola seeks a court order compelling Lucas to comply with the subpoena, but also
2  requests this Court transfer the dispute to the Eastern District of Texas for the sake of efficiency,
3  judicial administration, and consistency.  (*Id.* at 3.)
4       Lucas filed a response, arguing Motorola's requests were overbroad and overly
5  burdensome because they request he run dozens of search terms across his personal email
6  account and submit unspecified personal devices for forensic analysis.  (Dkt. No. 8 at 5.)  Lucas
7  argues the discovery issues are straightforward and can be resolved by this Court, especially
8  given that Motorola "fails to demonstrate extraordinary circumstances justifying transfer of this
9  issue."  (*Id.*)  Lucas objects to "being forced to litigate this issue thousands of miles away from
10 his home and place of employment" in the Eastern District of Texas.  (*Id.*)

### III     DISCUSSION

12      "When the court where compliance [with a subpoena] is required did not issue the
13 subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the
14 subpoena consents or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f).
15 Because Lucas does not consent to the transfer, Motorola bears the burden of showing
16 exceptional circumstances exist.  *In re Hume*, No. C15-1045RFBPAL, 2017 WL 4224421, at *2
17 (W.D. Wash. Sept. 22, 2017).  Courts in this district have considered a variety of factors when
18 determining if exceptional circumstances exist warranting transfer.  These factors include "[case]
19 complexity, procedural posture, duration of pendency, and the nature of the issues pending
20 before, or already resolved by, the issuing court in the underlying litigation." *Id.*; *Ford Glob.*
21 *Techs., LLC v. New World Int'l, Inc.*, 2015 WL 6507151 at *2 (W.D. Wash. Oct. 27,
22 2015) (citing *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)).

> The prime concern should be avoiding burdens on local nonparties subject to
> subpoenas, and it should not be assumed that the issuing court is in a superior

ORDER GRANTING MOTION TO TRANSFER VENUE - 2

> position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

*Hume*, 2017 WL 4224421 at *2 (quoting Fed. R. Civ. P. 45(f) Advisory Comm. Notes (2013)).

The Court begins first with the "prime concern[,]" of the burden on respondent Lucas. Motorola argues there is little to no burden in transferring to the Eastern District of Texas because the documents it seeks in response to the subpoena may be transmitted electronically; thus, resolution of the dispute will be no more burdensome to Lucas in Texas than it would be in Washington. (Dkt. No. 1 at 6.)

In response, Lucas states "the issue here is not the transmission of electronic documents." (Dkt. No. 8 at 15.) Instead, the burden according to Lucas is that "MSI is demanding an intensive search of Mr. Lucas' personal email account that goes beyond the search capabilities of Gmail. To meet MSI's demands, Mr. Lucas would need to engage technology professionals with the expertise to extract his email account and run the requested searches." (*Id.*) Lucas points out defending the issue in Texas would be burdensome because Motorola requests Lucas turn over his personal devices for an unspecified amount of time to be forensically imaged; this would require him to send the devices to Texas from Washington, and "there is no guarantee that Mr. Lucas will not have to travel to Texas at some point for hearings on this issue[.]" (*Id.* at 15–16.) Motorola responds that residency elsewhere does not meet the standard and "[w]ere that the test, no transfer would ever be permitted." (Dkt. No. 13 at 2.)

The Court concludes there is some burden to Lucas given that he would potentially be required to send his personal devices thousands of miles away for forensic analysis. At this

ORDER GRANTING MOTION TO TRANSFER VENUE - 3

1  point, it is unclear whether he would be required to attend any hearings or provide testimony in-

2  person, or whether he would be permitted to attend virtually.  There does not appear to be any

3  other burden to Lucas; his "need to engage technology professionals with the expertise to extract

4  his email account and run the requested searches" is a burden irrelevant to a change in venue.

5  Turning to case complexity, the matter pending in the Eastern District of Texas is a

6  complicated patent case, asserting infringement of four separate patents, each dealing with

7  methods and systems for "Managing Communication in Emergency Communication System[,]"

8  "Providing Presence Based Trunking in Network Environment[,]" "Providing Channel

9  Configurations in a Communications Environment[,]" and dealing with "Access to Video

10 Streams on Mobile Communication Devices."  *STA Group LLC v. Motorola Solutions, Inc.*, Case

11 No. 2:22-cv-00381-JRG-RSP, Dkt. No. 1 (E.D. Tex. 2022).  In terms of procedural posture, the

12 case has been subject to a great deal of complications, including counterclaims, motions to

13 dismiss, motions to compel, and motions to join new parties.  *Id.*, *see docket generally*.  This

14 motion to compel has been pending since October of 2023, and the current deadline to complete

15 fact discovery is May 6, 2024.  *Id.*, Dkt. No. 196.

16 The Court considers next the nature of the issues pending before, or already resolved by,

17 the issuing court in the underlying litigation.  *Hume*, 2017 WL 4224421 at *2.  Since this case

18 was filed in September of 2022, Magistrate Judge Roy S. Payne "has been extensively involved

19 in the litigation," *id.*, holding scheduling conferences, discovery conferences, hearings on

20 motions to strike, and issuing various docket control orders, discovery orders, protective orders,

21 and reports and recommendations on motions to dismiss.  *STA Group*, Case No. 2:22-cv-00381-

22 JRG-RSP, *see docket generally*.  Magistrate Judge Payne's "extensive knowledge of the

23 intricacies of this complex litigation will allow [him] to evaluate the relevance of the requested

24

ORDER GRANTING MOTION TO TRANSFER VENUE - 4

evidence and proportionality more quickly than this Court could." *Hume*, 2017 WL 4224421 at \*2. Judge Payne "would be able to prioritize this dispute so it is resolved on a schedule that fits the needs of the underlying litigation." *Id.*

The Court finds that this case's complexity, its procedural posture, and the nature of the issues in the underlying litigation—both those issues currently pending before and those already resolved by the issuing court—support transfer. *See Netlist, Inc. v. Monolithic Power Sys., Inc.*, No. 2:23-CV-00023-TL, 2023 WL 1991808 at \*2 (W.D. Wash. Feb. 14, 2023); *US Plywood Integrity Coal. v. PFS Corp.*, No. 20-5042 BHS, 2021 WL 409968 at \*4 (W.D. Wash. Feb. 5, 2021). Taking all these considerations together, the Court finds that although there will inevitably be some burden to Lucas, in the interest of judicial efficiency, judicial administration, and consistency, exceptional circumstances exist under Rule 45(f).

## IV    CONCLUSION

Accordingly, and having considered the briefing of the parties and the remainder of the record, the Court finds and orders that Defendant's Motion to Transfer Venue to the Eastern District of Texas, *STA Group LLC v. Motorola Solutions, Inc.*, Case No. 2:22-cv-00381-JRG-RSP (E.D. Tex. 2022), is **GRANTED.** The Court transfers this discovery dispute to the Eastern District of Texas for resolution.

DATED this 13th day of March 2024.



David G. Estudillo
United States District Judge